1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

BILLY DRIVER, JR.,

No.  2:23-cv-1233 DAD KJN P

12

Plaintiff,

13

v.

ORDER AND FINDINGS AND
RECOMMENDATIONS

14

KIMBERLY J. MUELLER, et al.,

15

Defendants.

16

17
Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18
§ 1983 and seeks leave to proceed in forma pauperis.  Plaintiff subsequently filed various other

19
motions.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20
§ 636(b)(1).

21
As discussed below, plaintiff's motions are denied, and it is recommended that plaintiff's

22
motion for in forma pauperis status be denied.

23
I.  Motions for VDRP

24
Plaintiff asks that this case be referred to VDRP, the court's Voluntary Dispute Resolution

25
Program.  (ECF Nos. 6 & 9.)  However, under Local Rule 271, all prisoner petitions and prisoner

26
civil actions are excluded from the court's VDRP program.  Local Rule 271(a)(2).  Because

27
plaintiff is a state prisoner bringing a civil rights action, he is not eligible for referral to VDRP.

28
His motions are denied.

1    II.  Motion for In Forma Pauperis Status

2            In Forma Pauperis Statute

3            The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

4    the commencement and prosecution of any suit without prepayment of fees by a person who

5    submits an affidavit demonstrating that the person is unable to pay such fees.  However,

6            [i]n no event shall a prisoner bring a civil action or appeal a judgment
            in a civil action or proceeding under this section if the prisoner has,
7            on 3 or more prior occasions, while incarcerated or detained in any
            facility, brought an action or appeal in a court of the United States
8            that was dismissed on the grounds that it is frivolous, malicious, or
            fails to state a claim upon which relief may be granted, unless the
9            prisoner is under imminent danger of serious physical injury.

10   28 U.S.C. § 1915(g).

11           Such "three strikes rule" was part of "a variety of reforms designed to filter out the bad

12   claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 135

13   S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a prisoner has

14   three strikes under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he

15   meets the exception for imminent danger of serious physical injury.  See Andrews v. Cervantes,

16   493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this exception, the complaint of a three-strikes

17   prisoner must plausibly allege that the prisoner was faced with imminent danger of serious

18   physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189

19   (9th Cir. 2015); Andrews, 493 F.3d at 1055.

20           Has Plaintiff Sustained Three Strikes?

21           Review of court records reveals that on at least three occasions lawsuits filed by the

22   plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to

23   state a claim upon which relief may be granted.  Indeed, many judges have previously found that

24   plaintiff has accrued three strikes.  See Driver v. IRS of Fresno, California, 2022 WL 2093728

25   (E.D. Cal. June 10, 2022), findings and recommendations adopted, 2022 WL 4123875 (E.D. Cal.

26   Sept. 9, 2022); Driver v. Fresno US Court, 2022 WL 2442746 (E.D. Cal. June 7, 2022), findings

27   and recommendations adopted, 2022 WL 2718556 (E.D. Cal. July 13, 2022); Driver v. Garry,

28   2020 WL 4349853 (E.D. Cal. July 29, 2020), findings and recommendations adopted, 2020 WL

2

1   5943678 (E.D. Cal. Oct. 7, 2020); Driver v. Harber-Pickens, 2020 WL 104493 (E.D. Cal. Jan. 9,

2   2020), findings and recommendations adopted, 2020 WL 1865659 (E.D. Cal. Apr. 14, 2020);

3   Driver v. Mora, 2014 WL 12966003 (C.D. Cal. Aug. 18, 2014), findings and recommendations

4   adopted, 2015 WL 13915004 (C.D. Cal. Jan. 20, 2015).

5           The court takes judicial notice of the cases set forth above and plaintiff's prior filings

6   described therein.  MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court

7   may take judicial notice of its own records and the records of other courts).  Those cases include:

8   (1) Driver v. Martel, No. 08-cv-1910 GEB EFB (E.D. Cal. Sept. 15, 2009 (dismissed September

9   16, 2009, for failure to state a claim), aff'd, Driver v. Martel, 395 F. App'x 392 (9th Cir. 2010),

10   cert. denied, 563 U.S. 909 (2011); (2) Driver v. Kelso, No. 2:11-cv-2397 EFB P (E.D. Cal. Aug.

11   9, 2012) (dismissed September 12, 2012, for failure to file an amended complaint after prior

12   complaint was dismissed for failure to state a claim), aff'd, 514 F. App'x 662 (9th Cir. 2013); (3)

13   Driver v. Zamora, No. 2:14-cv-02170 BRO AGR (C.D. Cal. (dismissed for failure to file an

14   amended complaint after prior complaint was dismissed for failure to state a claim); aff'd, 621 F.

15   App'x 421 (9th Cir. 2015); (4) Driver v. Epp, No. 2:12-cv-00589 EFB (E.D. Cal.) (dismissed

16   September 5, 2012, for failure to state a claim); (5) Driver v. U.S. Special Master, No. 1:17-cv-

17   0202 DAD BAM P (E.D. Cal. 2018) (dismissed Jan. 5, 2018, for failure to pay the filing fee after

18   being declared a three-strike litigant and for failure to obey a court order).  These strikes all

19   occurred prior to plaintiff filing this action on June 27, 2023.  (ECF No. at 1.)

20           Does Plaintiff Meet Exception?

21           Because plaintiff has accrued three strikes, he is precluded from proceeding in forma

22   pauperis in this action unless he is "under imminent danger of serious physical injury.  28 U.S.C.

23   § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner

24   faced at the time the complaint was filed, not at some other later time.  See Andrews, 493 F.3d at

25   1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as

26   overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury

27   must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under

28   § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or

3

1    a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v.

2    Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm

3    are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the

4    "imminent danger" exception is available "for genuine emergencies," where "time is pressing"

5    and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

6        Here, plaintiff provides no specific facts demonstrating he is at risk of real and imminent

7    danger.[1]  Plaintiff states he meets the requirement to show imminent danger (ECF No. 1 at 1), and

8    refers to "imminent danger," but he does not provide facts explaining or describing such danger.

9    Plaintiff claims he has been unable to make copies and some of his grievances were thrown in the

10   trash, but he fails to explain how such allegations constitute a threat of imminent danger of

11   serious physical injury.  In addition, plaintiff sets forth various medical conditions but also does

12   not attribute any of them to a threat of imminent physical danger.

13       Because plaintiff fails to make a "plausible allegation" that he faced imminent danger of

14   serious physical injury at the time he filed this action, he is not entitled to the privilege of

15   proceeding in forma pauperis.  See Andrews, 493 F.3d at 1055; Rodriguez v. Cook, 169 F.3d

16   1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from

17   accessing the courts; it only precludes prisoners with a history of abusing the legal system from

18   continuing to abuse it while enjoying IFP status"); see also Franklin v. Murphy, 745 F.2d 1221,

19   1231 (9th Cir. 1984) (being granted in forma pauperis status is a "privilege and not a right.").

20       Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

21   III.  Miscellaneous Motions

22       On July 20, 2023, plaintiff filed a state court form styled "Request for Accommodations,"

23   in which plaintiff requested that the caption of this case be changed, that Judge Drozd recuse

24   _____

[1]  In his complaint, plaintiff claims that defendants Mueller and Drozd, both U.S. District Court

25   Judges, deprived plaintiff of his access to the court based on their rulings in prior cases.  On June
     17, 2023, plaintiff told social worker Barnes that the Sgt. in ICF/PIP psychiatric was not allowing
     plaintiff to make copies or attend the law library to make copies.  As injury, plaintiff sets forth

26   various medical conditions, states he has suffered scrapes and bruises, grievances are thrown in
     the trash, and alleges 100 of his lawsuits were wrongfully dismissed.  As relief, plaintiff requests

27   that (1) the court reinstate his civil actions cases 2:23-cv-0393 DAD AC, and 23-cv-0209 DAD
     JDP; (2) assign Chief Judge Mueller to all of plaintiff's cases currently pending in the Eastern

28   District; and (3) the court investigate this case.

1    himself from this case because plaintiff named Judge Drozd in a civil action, and that plaintiff be

2    appointed counsel.  Plaintiff is advised that this case retains the caption of plaintiff's original

3    complaint.  Plaintiff provides no specific facts to support his motion for recusal; simply naming a

4    judge as a defendant in a civil case is insufficient to demonstrate that a reasonable person would

5    believe that Judge Drozd's impartiality could be questioned.  See United States v. Hernandez, 109

6    F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and discussing standard for

7    recusal under 28 U.S.C. §§ 144 and 455).

8         Finally, district courts lack authority to require counsel to represent indigent prisoners in

9    section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

10   exceptional circumstances, the court may request an attorney to voluntarily represent such a

11   plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

12   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether

13   "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the

14   merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity

15   of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court

16   did not abuse discretion in declining to appoint counsel).  The burden of demonstrating

17   exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such

18   as lack of legal education and limited law library access, do not establish exceptional

19   circumstances that warrant a request for voluntary assistance of counsel.

20        Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

21   burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

22   time.

23        Thus, all of the motions contained in plaintiff's July 20, 2023 filing are denied.  (ECF No.

24   8.)

25        Accordingly, IT IS HEREBY ORDERED that:

26        1.  Plaintiff's motions for VDRP referral (ECF Nos. 6 & 9) are denied; and

27        2.  Plaintiff's motions (ECF No. 8), including the motion for appointment of counsel, are

28   denied.

1    Further, IT IS RECOMMENDED that:

2        1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

3        2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing

4    this action; and

5        3. The court order plaintiff to pay the $402.00 filing fee in order to proceed with this

6    action.

7        These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days

9    after being served with these findings and recommendations, plaintiff may file written objections

10   with the court. The document should be captioned "Objections to Magistrate Judge's Findings

11   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

12   time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

13   F.2d 1153 (9th Cir. 1991).

14   Dated:  July 27, 2023

15

16                                  KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
17

18   /driv1233.1915g.56

19

20

21

22

23

24

25

26

27

28