1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     BILLY DRIVER, JR.,                        No.  2:23-cv-1233 DAD KJN P

12                        Plaintiff,

13            v.                                  FINDINGS AND RECOMMENDATIONS

14     KIMBERLY J. MUELLER, et al.,

15                        Defendants.

16

17            Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C.

18     § 1983.  Plaintiff's motion for preliminary injunction and temporary restraining order is before

19     the court.  It is recommended that the motion be denied.

20     Background

21            On July 28, 2023, the undersigned recommended that plaintiff be required to pay the

22     court's filing fee in full to proceed with this action because plaintiff has accrued three strikes

23     under 28 U.S.C. § 1915(g).  (ECF No. 10.)

24     Plaintiff's Complaint

25            Plaintiff claims that defendants Mueller and Drozd, both U.S. District Court Judges,

26     deprived plaintiff of his access to the court based on their rulings in prior cases.[1]  Also, on June

27     _____

28     [1]  Plaintiff does not provide a case number for the case he claims Judge Mueller issued an order
       on June 21, 2023.  (ECF No. 1 at 3.)

                                                    1

17, 2023, plaintiff told social worker Barnes that the Sgt. in ICF/PIP psychiatric was not allowing plaintiff to make copies or attend the law library to make copies.  As injury, plaintiff sets forth various medical conditions, states he has suffered scrapes and bruises, grievances are thrown in the trash, and alleges 100 of his lawsuits were wrongfully dismissed.

As relief, plaintiff requests that:  (1) the court reinstate his civil actions 2:23-cv-0393 DAD AC, and 23-cv-0209 DAD JDP; (2) assign Chief Judge Mueller to all of plaintiff's cases currently pending in the Eastern District; and (3) the court investigate this case.

Governing Law

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).  The standards for both forms of relief are essentially the same.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017).  "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'"  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980).)  The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20 (citations omitted); Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

////

1    The propriety of a request for injunctive relief hinges on a significant threat of irreparable

2    injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668,

3    674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32

4    (9th Cir. 2011).  Speculative injury does not constitute irreparable harm.  See id.; Goldie's

5    Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual

6    threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp., 395

7    U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S.

8    1020 (1998).

9    There is a heightened burden where a plaintiff seeks a mandatory preliminary injunction,

10   which should not be granted "unless the facts and law clearly favor the plaintiff."  Comm. of

11   Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

12   Further, in cases brought by prisoners involving conditions of confinement, any

13   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

14   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

15   correct the harm." 18 U.S.C. § 3626(a)(2).

16   Finally, an injunction against individuals who are not parties to the action is strongly

17   disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is

18   elementary that one is not bound by a judgment . . . resulting from litigation in which he is not

19   designated as a party. . . . ").

20   Plaintiff's Motion

21   Plaintiff seeks injunctive relief based on five years of allegedly unlawful forced anti-

22   psychotic medication which he contends causes him chest pain and heart disease.  Plaintiff seeks

23   a court order to stop the forced medication.

24   Discussion

25   Plaintiff's motion should be denied because it seeks relief that is unrelated to the claims

26   proceeding in this case, and challenges actions taken by unidentified individuals who are not

27   party to this action and that are taking place in the Correctional Training Facility in Soledad,

28   California.

1    As the Ninth Circuit stated,

2        [T]here must be a relationship between the injury claimed in the
         motion for injunctive relief and the conduct asserted in the
3        underlying complaint. This requires a sufficient nexus between the
         claims raised in a motion for injunctive relief and the claims set forth
4        in the underlying complaint itself. The relationship between the
         preliminary injunction and the underlying complaint is sufficiently
5        strong where the preliminary injunction would grant "relief of the
         same character as that which may be granted finally." De Beers
6        Consol. Mines, 325 U.S. at 220.  Absent that relationship or nexus,
         the district court lacks authority to grant the relief requested.
7

8    Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

9        Here, plaintiff is housed at the Correctional Training Facility in Soledad, California, and

10   challenges forced medication of anti-psychotic drugs.  In the instant action, plaintiff seeks

11   reinstatement of other civil actions and an investigation concerning his inability to access the law

12   library and file administrative grievances.  In his pending motion, plaintiff seeks an order

13   stopping the forced medication of anti-psychotic drugs.  Because plaintiff identified no

14   relationship between his underlying allegations and the instant motion, the motion should be

15   denied.

16       In addition, plaintiff's motion should be denied because it is directed to unidentified

17   individuals over whom the court does not have jurisdiction.  Zenith Radio Corp., 395 U.S. at 110.

18       Importantly, in order to obtain injunctive relief, plaintiff is required to address each

19   element under Winter.  Plaintiff provides no facts demonstrating he is likely to succeed on the

20   merits of this action, that the balance of equities tips in his favor, or that an injunction is in the

21   public interest.  Because plaintiff fails to address all of the elements under Winter, his motion

22   should also be denied.

23       For all the above reasons, plaintiff's motion should be denied.

24       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive

25   relief (ECF No. 11) be denied.

26       These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 7, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/driv1233.tro.pi

5